**Record of Conference and Orders: Vera M. Scanlon, USMJ**          Date: 7/26/2018

Case: Calixto v. Tong Shen Trading Inc. et al          Status Conf. @ 11:00 AM

Civ.: 1:18-cv-00075-JBW-VMS

**ECF Recording in 13A South:**          □ Telephone Conference          □ In-person Conference

**Counsel:** *(See separately docket entry or document for specific appearances)*

□ Counsel for Plaintiff(s) □ Pro Se Plaintiff(s) □ Counsel for Defendant(s) □ Pro Se Defendant(s)
**Conference Type:**

□ Initial Conference  □ Status Conference  □ Settlement Conference  □ Motion Hearing  □ Discovery Conference  □
□ JPTO Conference     □ Other _____

**Further to the conference, discovery and other scheduling dates are as follows:**
*(If dates previously set by the Court are not reset, they remain as stated in the previous order.)*

□ Motions decided on the record          [27] is approved as modified in #10, in the attached agreement and as stated on the record.

□ Rule 26(a) disclosures, incl. supplements

□ Document requests to be served

□ Interrogatories to be served

□ Amended pleadings, incl. joinder          □ To be served          □ To be filed

   □ Complaint □ Answer          □ On consent  □ By motion  □ By PMC letter

□ Joint status letter □ Stip of dismissal to be filed

□ Status conference          Date:                    Time:

   □ In person □ Telephone (718) 613-2300          To be organized by:

□ Specific depositions to be held

□ Fact discovery closes

□ Expert disclosures to be served

□ Initial expert report(s) to be served

□ Rebuttal expert report(s) to be served

□ Expert discovery closes

□ All discovery closes

□ Joint letter confirming discovery is concluded

□ Summary judgment to be initiated          □ PMC letter □ Briefing

□ Joint pre-trial order to be filed          □ Letter for conference □ Proposed JPTO

□ Proposed confidentiality order to be filed

□ Consent to Magistrate Judge to be filed

□ Settlement Conference          Date:                    Time:

Page 1 of 1
P has added of revised agt

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is made and entered into by and between JORGE ROJAS CALIXTO, on behalf of himself, his agents, assigns, attorneys, heirs, successors, executors and administrators (hereinafter "Plaintiff"), on the one hand, and TONG SHEN TRADING INC. (corporate defendant hereinafter referred to as the "Company"), and QIN LIN (corporate and individual defendant hereinafter collectively referred to as, the "Defendants"), on the other hand.

**WHEREAS**, on or about January 5, 2018, Plaintiff JORGE ROJAS CALIXTO commenced an action against the Defendants in the United States District Court for the Eastern District of New York, Civil Action Case, in the action entitled *Calixto v. Tong Shen Trading Inc. et al*, under Civil Action No. 1:18-cv-00075-JBW-VMS (the "Complaint" or the "Action"), in which he alleged numerous wage and hour claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law and its supporting regulations/order ("NYLL");

**WHEREAS**, although the Complaint was styled as a class and collective action, no certification of a class or collective action was obtained as to any claims asserted in the Complaint;

**WHEREAS**, Defendants deny all liability and all allegations of wrongdoing made by Plaintiff and the Court has not made any findings with respect to the merits of the claims asserted in the Action or otherwise;

**WHEREAS**, Defendants and the Plaintiff (collectively referred to as the "Parties") desire to resolve all disagreements between them, including those asserted in the Action, in an amicable manner without the expense and aggravation of further litigation and without admission of liability or wrongdoing by anyone;

**NOW, THEREFORE**, with the intent to be legally bound, and for good and valuable consideration, the sufficiency and receipt of which the Parties acknowledge, the Parties agree as follows:

1.      **Consideration**: In full settlement and final satisfaction of any and all FLSA and NYLL wage-and-hour claims that Plaintiff had, have or may have against the Defendants, including, but not limited to the claims raised in the Action, and in consideration for the agreements and obligations set forth herein, including but not limited to the release by Plaintiff set forth in Paragraph 4, the Company shall pay to Plaintiff and his counsel[1] the total sum of ELEVEN THOUSAND, FIVE HUNDRED DOLLARS AND NO CENTS ($11,500) (hereinafter, the "Settlement Amount").

(1)      Pursuant to the payment arrangement set forth above, the Company will issue checks made payable to "JORGE ROJAS CALIXTO" in the total amount of $5,750 ,less applicable tax withholdings and deductions required by law, representing payment for any and all unpaid minimum wages, overtime, tips and any other wages under the FLSA and NYLL and its supporting regulations. The Company shall issue Plaintiff JORGE ROJAS CALIXTO an IRS Form W-2 with respect to this payment.

---

[1] The Legal Aid Society has waived their attorney fees and cost for purpose of the instant settlement.

(2)     Pursuant to the payment schedule set forth above, the Company will issue checks made payable to "JORGE ROJAS CALIXTO" in the total amount of $5,750), representing payment for alleged liquidated damages and penalties under the FLSA and NYLL and its supporting regulations. The Company shall issue Plaintiff JORGE ROJAS CALIXTO an IRS Form 1099-MISC with respect to this payment.

(b)     **Execution of Agreement and Joint Stipulation of Dismissal:**

Pursuant to Paragraph 6 below, upon execution of this Agreement, the Parties agree to immediately execute the "Joint Stipulation for Dismissal with Prejudice," in the form annexed hereto as **Exhibit 1**, which will be filed with the Court along with the Joint Motion for Approval of the Settlement Agreement. All settlement payments set forth in Paragraph 1 shall be delivered to Plaintiff's counsel, Karen Cacace, The Legal Aid Society, 199 Water Street, 3rd Floor, New York, NY 10038.

(c)     **Delivery of Settlement Payments To Plaintiff and His Counsel:**

The payment checks will be delivered to Plaintiff's Counsel within five (5) days of the judicial approval of the instant settlement.

2.     **Full Payment**: Plaintiff agrees and affirms that the payment described in Paragraph 1 above shall constitute the entire amount of monetary consideration provided to Plaintiff and Plaintiff's legal counsel. This amount shall include compensation for alleged damages to Plaintiff and for any and all harm which he may have suffered because of any acts or omissions of the Defendants as alleged in the Action or relating to any wage-and-hour claims, including for claims for unpaid wages or overtime pay under state and federal law or common law. Plaintiff agrees that the payment is inclusive of any claim for attorney's fees, costs, interest and/or other expenses.

3.     **Release of Wage and Hour Claims by Plaintiff:** In exchange for the payments identified in Paragraph 1 and in exchange for the other considerations supporting this Agreement, Plaintiff, on his own behalf and on behalf of his descendants, dependents, heirs, executors, administrators, and assigns, fully, finally and forever agree unconditionally to release and discharge the Defendants and any and all related or affiliated businesses or business entities, their shareholders, executives, managers, officers, agents, directors, supervisors, employees, representatives (including Qin Lin), and all persons acting in concert with them (collectively, the "Releasees"), from all causes of action arising under the Fair Labor Standards Act, the New York Labor Laws, and/or any federal, state or local wage statute, code, or ordinance concerning wage and hour matters, from the beginning of time through the date of this Agreement.

This release of wage and hour claims includes, but is not limited to, all claims for unpaid minimum wage, overtime, commissions, whether based on common law or otherwise, and all claims for improper deductions, travel time, spread of hours pay, bonuses, expenses, reimbursements, gratuities, tip credits, tip allowances, service charges and retained gratuities during Plaintiff's employment with the Company and any other compensation or wages, liquidated damages, compensatory damages, punitive damages, penalties, attorneys' fees, interests and/or costs related to the claims filed in this Action. This release is limited only to wage and hour claims that have arisen on, or prior to, the date this Agreement is executed and transmitted to counsel for

Defendants and it does not release or discharge any claims that may occur after Plaintiffs' execution date.

4.    **Covenant Not to Sue**: Plaintiff agrees not to file a lawsuit or commence any other legal proceeding against the Defendants concerning any matter released in this Agreement. If Plaintiff breaches the provision of this Paragraph, Defendants will be entitled to seek recovery of their costs, including their reasonable attorney's fees, relating to the Defendants' enforcement of this Agreement and/or defense of such claims.

5.    **Claims Excluded from the Agreement**:    Plaintiff's release of claims set forth in Paragraph 4 of this Agreement shall not prevent Plaintiff from filing a charge or participating in any investigation or proceeding conducted by the United States Equal Employment Opportunity Commission, National Labor Relations Board or any other governmental agency charged with enforcement of any law. Plaintiff, however, further agrees and understands that he has waived any right to recover monetary damages or other relief personal to Plaintiff in any such charge, complaint or lawsuit filed by him or on his behalf in any way relating to any released claims.

6.    **Submission to Court for Approval and Purposes of Dismissing the Action With Prejudice**:

The Parties intend for the Plaintiff to waive any and all claims related to his wages or compensation he may have against the Defendants, including claims under the FLSA, and therefore desire that this Agreement be approved by the United States District Court. Accordingly, the Parties agree to file a Joint Motion for Approval of the Settlement Agreement after full execution of this Agreement.

Upon execution of this Agreement, the Parties agree to immediately execute the "Joint Stipulation for Dismissal with Prejudice," in the form annexed hereto as **Exhibit 1**, which will be filed with the Court along with the Joint Motion for Approval of the Settlement Agreement.

Court approval and dismissal of this action is a material condition of this Agreement and the Parties' obligations hereunder. Failure of the Court to approve this Agreement and enter the Parties' Joint Stipulation for Dismissal with Prejudice renders this Agreement null and void and no payments shall be delivered to Plaintiff's Counsel pursuant to Paragraph 1 of the Agreement.

7.    **Taxes and Withholding**: Plaintiff expressly acknowledges and agrees that he is responsible for the payment of all federal, state, and local taxes, if any, which are required by law to be paid by them with respect to the above payments in Paragraph 1. If any taxing body determines that the tax treatment was incorrect and that greater amounts should have been withheld from any payment above in Paragraph 1. Plaintiff acknowledges and assumes all responsibility for paying any amount that he is assessed. Plaintiff further agree that in the case that he failed to assume this tax paying responsibility, he would indemnify and hold the Defendants harmless for payment of any taxes, interest and penalties as a result of his action or failure to act. .

8.    **No Admission of Liability**: Neither this Agreement nor anything contained herein constitutes or is intended to constitute any finding of fact, admission of liability or assessment of liability by any Defendant under any law, ordinance, rule, regulation, policy or order with respect to any claim that Plaintiffs has asserted, could have asserted or may assert in

connection with Plaintiff's employment. Defendants have consistently denied, and continue to deny, each and every allegation of wrongdoing made by Plaintiff, and have agreed to enter into this Agreement for the sole purpose of avoiding the cost and inconvenience of further litigation.

9.    **Bona Fide Dispute**: After consultation with their counsel, and in consideration of all the facts and circumstances surrounding their employment with the Company, Plaintiff agrees this Agreement is a settlement of disputed claims. The Parties agree that there are *bona fide* disputes as to whether Plaintiffs could prevail on the merits of their claims, and that the amounts being paid to Plaintiff, as set forth in Paragraph 1, are a fair and reasonable resolution to these *bona fide* disputes. Plaintiff stipulates and agrees that the terms of this Agreement represent a reasonable compromise of *bona fide* disputes regarding their entitlement to statutory wages, including minimum wage compensation, liquidated damages, penalties, and any other relief under the FLSA and NYLL.

10.    **Mutual Non-Disparagement**: Plaintiff agrees that he will not make, or cause to be made, any derogatory, disparaging, defamatory or untruthful statements about the Defendants, their family members, or any of the Releasees (as defined in Paragraph "3" above), whether by electronic, written or oral means, to any of Defendants' past, present or future customers, competitors, employees, or to any other person (including, but not limited to, their employers, the press or other media). The language of this Paragraph 10 shall not prohibit Plaintiff from making truthful statements, ~~including any statement~~ ~~about the lawsuit and~~ ~~its subject matter.~~

Qin Lin agrees that she will not make, or cause to be made, any derogatory, disparaging, defamatory or untruthful statements about the Plaintiff, whether by electronic, written or oral means, to any of Plaintiffs' employers, known potential employers, or to any other person (including, but not limited to, the press or other media). The language of this Paragraph 11 shall not prohibit Qin Lin from making truthful statements.

11.    **Employment Reference**:    In the event that Defendants receive a request for a reference, Qin Lin, on behalf of Defendants, will respond that it is the Company's policy to provide only Plaintiff's titles and dates of employment and not with any other additional information.

12.    **Changes to the Agreement**: This Agreement may not be changed unless the changes are in writing and signed by all of the Parties or their designees.

13.    **No Other Complaints or Charges:** Plaintiff hereby represents that other than the Action, he has no pending actions, administrative charges or complaints, grievances or arbitrations involving any of the released claims against any of the Releasees. Moreover, Plaintiff IS currently unaware of any other claims other than those alleged in this lawsuit relating to his employment with the Company.

14.    **No Reemployment**: Plaintiff agrees that he will not at any time in the future knowingly seek employment with the Company, or Releasees and hereby waive any right that may accrue to him from any application for employment that he may make (whether knowingly or unknowingly), or any employment that they may receive, notwithstanding this Paragraph. By this Agreement, Plaintiff intends to remove himself from consideration for future employment with the Company, and agree that execution of this Agreement shall constitute good and sufficient cause to reject any application Plaintiff may make for employment or to terminate any such

employment they may obtain notwithstanding this Paragraph. Plaintiff acknowledges and agrees that he has no right to any reinstatement or re-employment by the Company, or Releasees at any time.

15. **Severability:** The Parties agree that in the event any provision(s) of this Agreement is judicially declared to be invalid or unenforceable, only such provision or provisions shall be invalid or unenforceable without invalidating or rendering unenforceable the remaining provisions hereof.

16. **Governing Law:** This Agreement, and all of its terms, shall be interpreted, enforced and governed under the laws of the State of New York, without regards to conflict of laws principles.

17. **Jurisdiction:** The Parties expressly agree that the United States District Court for the Eastern District of New York ("EDNY") shall retain sole and exclusive jurisdiction over any action or proceeding to enforce or otherwise arising out of this Agreement. By execution of this Agreement, each Party irrevocably and unconditionally: (i) submits to the jurisdiction (both subject matter and personal) of the EDNY in any action or proceeding a Party hereto reasonably commences for the purpose of enforcing this Agreement; (ii) waives any objection they may now or hereafter have to venue of legal proceedings arising out of this Agreement brought in the EDNY; and (iii) waives any claim that any action or proceeding arising out of this Agreement brought in the EDNY has been brought in an inconvenient forum.

18. **Assignment of Claims:** Plaintiff hereby represents and warrants that he has not assigned or transferred or purported to assign or transfer to anyone any claim, action or cause of action based upon, arising out of, or connected in any way with any of the matters released herein.

19. **Voluntary Agreement:** Plaintiff represents and agrees that:

(a)   He is not suffering from any impairment that would render them incapable of reading, considering and understanding the terms of this Agreement, and are fully able to read, consider and understand the terms of this Agreement, all of which have been explained to them;

(b)   He signed this Agreement freely and voluntarily and without duress;

(c)   No promise or representation of any kind or character, other than those contained in this Agreement, have been made by any of the Releasees or anyone acting on their behalf to induce Plaintiffs to enter into this Agreement;

(d)   They were advised and hereby are advised to consider carefully the terms of this Agreement and consult with legal counsel prior to executing it, and have had a reasonable period of time in which to consider the terms of this Agreement before executing it.

20. **Full and Complete Agreement:** This Agreement constitutes the full and complete agreement between the Parties, and fully supersedes any and all prior agreements, commitments or understandings between the parties, pertaining to the subject matter hereof.

21. **Waiver:** No provision herein may be waived unless in writing and signed by the Party or Parties whose rights are thereby waived. Waiver of any one provision, or portion thereof, shall not be deemed a waiver of any other provision herein. The waiver of any breach of any

provision of this Agreement by any Party shall not be deemed a waiver of any subsequent or prior breach.

22.     **Fair Meaning**: The language of all parts of this Agreement shall in all cases be construed as a whole according to its fair meaning, and not strictly for or against any of the Parties, regardless of who drafted it.

23.     **Counterparts**: This Agreement may be executed in counterparts, each of which shall serve as an original as against any Party who signed it, and all of which taken together shall constitute one and the same document. A copy of a Party's signature on this Agreement shall be acceptable in any action against that Party to enforce this Agreement.

24.     **Headings**: The headings in this Agreement are for the convenience of the Parties and are not intended to modify any of the terms of this Agreement.

25.     **Facsimile/Email**: An executed facsimile or email copy of this Agreement will have the same force and effect as the original.

26.     **Notices**: All notices or communications under this Agreement shall be delivered by hand, registered mail, certified mail (return receipt requested), or overnight mail to the address of Defendants' Counsel or Plaintiffs' Counsel, respectively, as follows:

Defendants' Counsel:
>       Jian Hang, Esq.
>       Keli Liu, Esq.
>       Hang & Associates PLLC
>       136-20 38th Avenue, Suite 10G
>       Flushing, NY 11354
>       (718) 353-8588
>       jhang@hanglaw.com
>       kliu@hanglaw.com

Plaintiff's Counsel:

>       Karen Cacace, Esq.
>       The Legal Aid Society
>       199 Water Street, 3rd Floor
>       New York, NY 10038
>       (212) 577-3363
>       kcacace@legal-aid.org

Either Party may give notice of change of address in writing as set forth in this Paragraph. If registered or certified mail is used, actual delivery will be deemed to be the date set forth in the official U.S. Postal Service date stamp on the registered or certified mail receipt.

27.     **Authority to Execute Agreement**: The undersigned individuals hereby warrant and represent that they have the full authority to make the representations and warranties contained in this Agreement, and to execute and perform this Agreement, on behalf of the individuals and entities for which or whom they have signed, and that they are acting within the scope of their authority.

BY SIGNING THIS AGREEMENT, PLAINTIFFS ACKNOWLEDGE THAT THEY
HAVE CAREFULLY READ THIS AGREEMENT, UNDERSTAND IT, AND ARE
VOLUNTARILY ENTERING INTO OF THEIR OWN FREE WILL, WITHOUT
DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND
CONDITIONS. PLAINTIFFS ARE ADVISED TO SPEAK WITH THEIR ATTORNEY
BEFORE SIGNING THIS AGREEMENT.

**AGREED:**

JORGE ROJAS CALIXTO

By: _____

Dated: 7/13/18

**DEFENDANTS**

TONG SHEN TRADING INC.

By: Qin Lin

Dated: 7/13/2018

Qin Lin

By: Qin Lin

Dated: 7/13/2018

# EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JORGE ROJAS CALIXTO, individually and on           Civil Case No.: 18-CV-75
behalf of all others employees similarly situated,

                        Plaintiff,

                    -against-                       **JOINT STIPULATION FOR
                                                   DISMISSAL WITH PREJUDICE**

TONG SHEN TRADING INC., QIN LIN, :
and JANE DOE

                        Defendants.

---

IT IS HEREBY STIPULATED AND AGREED, by and between the Parties in the above

captioned action through their undersigned counsel that, whereas no party hereto is an infant or

incompetent person for whom a committee has been appointed, and no person not a party has an

interest in the subject matter of the action, in accordance with Rule 41(a)(1)(A)(ii) of the Federal

Rules of Civil Procedure, the Complaint in the above-captioned action and all claims alleged

therein be dismissed with prejudice, with each party to bear their own fees and costs.

Dated: July 13, 2018

**HANG & ASSOCIATES, PLLC**

/s Keli Liu

By: Jian Hang, Esq.
    Keli Liu, Esq.
136-20 138th Avenue, Suite 10G
Flushing, NY 11354
(718) 353-8588
jhang@hanglaw.com
kliu@hanglaw.com
*Attorneys for Defendants*

Dated: July 13 , 2018

**THE LEGAL AID SOCIETY**

/s Karen Cacace

By:    Karen Cacace, Esq.
       The Legal Aid Society
       199 Water Street, 3rd Floor
       New York, NY 10038
       (212) 577-3363
       kcacace@legal-aid.org

Attorneys for Plaintiff


SO ORDERED:

_____